UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY as successor in interest to CATLIN SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GROUP SHS LLC, dba RESIDENT, a California limited liability company, TIMOTHY KREHBIEL, an individual, 428 S. HEWITT ST. PARTNERSHIP, a California partnership, and MID-CENTURY INSURANCE COMPANY, a California corporation,<br><br>Defendants. | Case No. 2:20-cv-6992-JFW (KSx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

# FINDINGS OF FACT
# AND CONCLUSIONS OF LAW

This case arises out of a "forklift parade" held to celebrate Bridget Vagedes's 50th birthday. During the procession, the forklift, driven by Bridget Vagedes's husband Defendant Timothy Krehbiel ("Krehbiel"), drove over and injured the foot and ankle of Jason Ashley.

On July 29, 2016, Ashley filed a personal injury action against Krehbiel, among other individuals and entities (the "*Ashley* Action"). Ashley later filed an amendment substituting Defendant Group SHS LLC, dba Resident (a business in which Krehbiel is one third owner) ("Resident") as one of the Doe defendants.

Plaintiff Catlin Specialty Insurance Company ("Catlin") issued Policy No. 0401700831 to Resident for the January 29, 2016 to January 29, 2017 Policy Period (the "Policy" or the "Catlin Policy"). Plaintiff Indian Harbor Insurance Company is the successor in interest to Catlin ("Indian Harbor").

Indian Harbor defended Resident and Krehbiel in the *Ashley* Action subject to the reservation of rights set forth in Exhibits 1 through 5. On August 3, 2020, Indian Harbor filed this action, and in its First Amended Complaint sought: ("Count I") a judgment declaring that Indian Harbor has no obligation to defend or indemnify Resident, Krehbiel, or 428 S. Hewitt Partnership (a partnership between Krehbiel and Vagades) ("428 S. Hewitt") in connection with the *Ashley* Action; and ("Count II") reimbursement of the amounts paid under the Catlin Policy to defend Resident and Krehbiel in the *Ashley* Action.

On January 4, 2021, the Court concluded that, pursuant to the mobile equipment exclusion, the Catlin Policy provided no coverage for the *Ashley* Action. Moreover, the Court "conclude[ed] that Indian Harbor adequately reserved its rights as to Krehbiel." The Court granted summary judgment in Indian Harbor's favor on Count I of its Amended Complaint against 428 S. Hewitt and Krehbiel.

On June 29, 2021, the Court granted Indian Harbor's second motion for summary judgment, finding that the mobile equipment exclusion barred coverage for the *Ashley* Action as to Resident as well. The Court "conclude[d] that Catlin adequately reserved its rights in its August 2, 2016 letter to Resident."

The only matter left for trial is Count II -- the amount to which Indian Harbor is entitled to recover for payments incurred to defend Resident and Krehbiel in the *Ashley* Action. Indian Harbor, Resident, and Krehbiel (collectively, the "Parties") disagree on the date from which Indian Harbor is entitled to recover its defense fees and costs.

Having considered the materials submitted by the Parties, including the facts stipulated by the Parties for the purposes trial, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). Any finding of fact that may properly be construed as a conclusion of law shall be so construed, and vice-versa.

## **FINDINGS OF FACT**

1. At all relevant times, Krehbiel was authorized to act on Resident's behalf, and acted in such representative capacity, with respect to insurance coverage matters.

2. Resident first tendered the *Ashley* Action to Catlin on August 1, 2016. On August 2, 2016, Catlin sent a letter to Resident, acknowledging that it had received a Notice of Loss and reserving rights under the Policy.  (Joint Exhibit List/Stipulation of Facts, Dkt. 132 ("Stip."), Exhibit 1.)

3. Catlin appointed Ty Vanderford of Vanderford & Ruiz as defense counsel for Resident.

4. On May 25, 2018, Catlin sent a letter addressed to "Group SHS LLC, d/b/a/ Resident c/o William Sampson, Esq."  (Stip., Exhibit 2.)

5. On October 1, 2018, Catlin sent a letter addressed to Sampson and

Resident. (Stip., Exhibit 3.) Krehbiel selected Sampson to serve as his independent counsel, and Indian Harbor consented to Krehbiel's request.

6. On March 23, 2020, Catlin sent a letter to "Timothy Krehbiel Group SHS LLC, DBA: Resident" at Resident's address, with a copy to Sampson. (Stip., Exhibit 4.)

7. On August 5, 2020, counsel for Indian Harbor wrote to Sampson. (Stip., Exhibit 5.) The August 5, 2020 letter enclosed a copy of the Complaint that had been filed in this action. The operative complaint is the First Amended Complaint, filed on August 31, 2020. (Dkt. 14.)

8. Indian Harbor paid $45,858.04 to defend Resident between March 23, 2020 and July 1, 2021, and has paid an additional $2,585.36 from July 1, 2021 to August 9, 2021. (Supplemental Joint Exhibit List/Stipulation of Facts, Dkt. 144 ("Supp. Stip."), ¶17b.) At the time judgment is entered, the Parties will stipulate that any additional amounts to be paid by Indian Harbor before the date of the judgment will be included in the judgment. (Supp. Stip., ¶17d.)

9. Indian Harbor paid $0.00 to defend Krehbiel since March 23, 2020. (Supp. Stip., ¶17c.)

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1338 because it presents a controversy between citizens of different states and the matter in controversy exceeds $75,000. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial amount of the events or occurrences took place in the Central District of California.

2. To obtain reimbursement of defense costs, Indian Harbor must prove (1) that there was no potential for coverage and thus no duty to defend Resident or Krehbiel in the *Ashley* Action, (2) Indian Harbor provided a defense to Krehbiel and Resident which it was never obligated to furnish, and (3) Indian Harbor

defended Krehbiel and Resident under a reservation of rights, that reserved the right to seek reimbursement of defense costs. *Scottsdale Ins. Co. v. MV Transportation,* 36 Cal. 4th 643, 658 (2005) ("By law applied in hindsight, courts can determine that no potential for coverage, and thus no duty to defend, ever existed. If that conclusion is reached, the insurer, having reserved its right, may recover from its insured the costs it expended to provide a defense which, under its contract of insurance, it was never obliged to furnish.").

3. This Court previously determined as a matter of law and undisputed fact that there was no potential for coverage and thus no duty to defend Resident or Krehbiel in the *Ashley* Action, and that Indian Harbor provided a defense to Krehbiel and Resident which it was never obligated to furnish. (Dkt, 74, 75, 131.)

4. Indian Harbor's March 23, 2020 reservation of rights was sufficient to reserve its right to obtain reimbursement of defense costs incurred in the *Ashley* Action thereafter from Krehbiel and Resident.

5. Indian Harbor is entitled to judgment on Count II of its First Amended Complaint for all amounts paid by Indian Harbor in defense of Resident in the *Ashley* Action after March 23, 2020 in the amount to which the parties have stipulated or otherwise according to proof, plus prejudgment interest as provided by law.

**IT IS SO ORDERED**

This 31st day of August, 2021.

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2021