JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIAN HARBOR INSURANCE COMPANY as successor in interest to CATLIN SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GROUP SHS LLC, dba RESIDENT, a California limited liability company, TIMOTHY KREHBIEL, an individual, 428 S. HEWITT ST. PARTNERSHIP, a California partnership, and MID-CENTURY INSURANCE COMPANY, a California corporation,<br><br>Defendants. | Case No. 2:20-cv-6992-JFW (KSx)<br><br>**JUDGMENT AS TO DEFENDANT AND COUNTER-CLAIMANT MID-CENTURY INSURANCE COMPANY AND DEFENDANT 428 S. HEWITT ST. PARTNERSHIP**<br><br>Assigned to the Hon. John F. Walter<br><br>Pre-Trial Conference: August 6, 2021<br>Trial Date: August 17, 2021<br>Complaint Filed: August 3, 2020 |

Plaintiff and Counter-Defendant Indian Harbor Insurance Company, as successor in interest to Catlin Specialty Insurance Company ("Indian Harbor"), filed this action against Defendant and Counter-Claimant Mid-Century Insurance Company ("Mid-Century") and Defendant 428 S. Hewitt St. Partnership ("428 S. Hewitt"), among others, seeking a declaration that the mobile equipment exclusion in Commercial General Liability Policy No. 0401700831, issued to Group SHS LLC, dba Resident for the January 29, 2016 to January 29, 2017 Policy Period (the "Catlin Policy"), precludes coverage for the lawsuit captioned *Ashley v. Krehbiel, et al.*, Case No. BC629036 (Los Angeles County Superior Court) (the "*Ashley* Action"). (FAC, Dkt. 14.)

Mid-Century issued a separate businessowners policy to 428 S. Hewitt and filed a Counterclaim against Indian Harbor in this action seeking a declaration that Indian Harbor, as successor in interest to Catlin Specialty Insurance Company ("Catlin"), was obligated under the Catlin Policy to defend and indemnify 428 S. Hewitt in the *Ashley* Action, and seeking equitable contribution of amounts Mid-Century paid under its policy to defend 428 S. Hewitt in the *Ashley* Action. (Dkt. 25.)

Indian Harbor filed a Motion for Summary Judgment as to 428 S. Hewitt and Mid-Century (Dkt. 41), and Mid-Century filed a Motion for Partial Summary Judgment against Indian Harbor (Dkt. 35).

On January 4, 2021, the Court issued a Minute Order (Dkt. 74) and Statement of Decision (Dkt. 75) granting Indian Harbor's Motion for Summary Judgment and denying Mid-Century's Motion for Partial Summary Judgment. The Court found as a matter of law and undisputed fact that the mobile equipment exclusion in the Catlin Policy bars coverage for the *Ashley* Action and that Indian Harbor therefore has no duty to defend or indemnify 428 S. Hewitt in that action.

\\\
\\\

**IT IS HEREBY ORDERED, DECLARED, AND ADJUDICATED THAT:**

1. The Mobile Equipment Exclusion precludes coverage under the Policy for the *Ashley* Action and therefore neither Indian Harbor nor its predecessor, Catlin, has or ever had a duty to defend or indemnify 428 S. Hewitt in connection with that suit. Judgment is hereby entered in Indian Harbor's favor and against 428 S. Hewitt and Mid-Century on Count I of the First Amended Complaint;

2. Because 428 S. Hewitt is not entitled to coverage under the Catlin Policy for the *Ashley* Action, Mid-Century is not entitled to contribution or indemnity from Indian Harbor or Catlin for any amounts Mid-Century incurs to defend or indemnify 428 S. Hewitt in the *Ashley* Action. Judgment is entered in favor of Indian Harbor on Mid-Century's Counterclaim. Mid-Century shall take nothing on its Counterclaim.

3. Indian Harbor is awarded its costs.

**IT IS SO ORDERED**

This 3rd day of September, 2021.

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE